[Crim. No. 343.   Second Appellate District.—November 30, 1914.]

THE PEOPLE, Respondent, v. JOHN WALKER, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—CONFESSION—WHEN ADMISSION OF NOT PREJUDICIAL.—In a prosecution for murder, even though the court erred, under the rule stated in *People* v. *Quan Gim Gow*, 23 Cal. App. 507, in admitting in evidence an alleged confession of the defendant, which it is contended was not free and voluntary but was extorted by fear, intimidation, and improper influence, the error was without prejudice to the substantial rights of the defendant, where the defendant at the trial became a witness in his own behalf and testified substantially to the same effect as the alleged confession.

ID.—INSTRUCTIONS—NO ERROR IN REFUSING DEFENDANT'S INSTRUCTIONS WHEN COVERED BY OTHERS.—In such a case, there was no error in refusing certain instructions proffered by the defendant, where, so far as the instructions were legally correct and appropriate to the case, they were contained in other instructions given by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Paul M. Nash, and L. D. Barnett, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant having been convicted of murder and sentenced to imprisonment for life, appeals from the judgment and from an order denying his motion for a new trial.

The first proposition urged on behalf of the defendant is that the court erred in admitting in evidence, over the objections of the defendant, the testimony of the witness Coulter, a shorthand reporter, relative to a so-called confession made by the defendant in the presence of a deputy district attorney and certain police officers and other persons. The ground of the objection is that, under the circumstances shown in the record, the alleged confession was not free and voluntary, but was extorted by fear, intimidation, and improper influence.

If it be admitted for the purposes of the argument that the facts affecting the admissibility of the confession are within the rule as stated in *People* v. *Quan Gim Gow,* 23 Cal. App. 507, [138 Pac. 918], and cases there cited, and that the court in the case at bar erred in receiving the evidence, the record further shows that the error is without prejudice to the substantial rights of the defendant. The substance of the confession is that the defendant in the presence of said persons admitted that he fired the shots which caused the death of Maurice W. Halloran, but in the same statement claimed that he was acting in self-defense, because at the moment of the shooting, Halloran "was reaching for something" and defendant thought that Halloran was going to shoot right away. At the trial of this action the defendant became a witness in his own behalf and his testimony there given is substantially to the same effect as that above noted. He makes the admission in his testimony as follows: "When I turned around I saw this man Halloran going for his pocket just like that (showing). Q. Then what did you do? A. I took my gun and began shooting, because I thought he was going to shoot me." The so-called confession did not tend to prove anything more than that which the defendant admits to be true, namely: that it was he who killed the deceased. Unfortunately for him, the jury did not believe that the circumstances as shown by the other evidence were such as to constitute a justification for the killing.

We have examined the several instructions which defendant requested and which were refused by the court. So far as these instructions were legally correct and appropriate to the

case, they were contained in other instructions given by the court to the jury.

The judgment and the order denying the motion for a new trial are affirmed.

James, J., concurred.

Shaw, J., concurred in the judgment.